## BOWEN *v.* WILLIAMS.

No. 41541          January 25, 1960          117 So. 2d 710

58

*Bell & Gore,* Grenada, for appellant.

*Carothers & Fedric,* Grenada, for appellee.

McGEHEE, C. J.

This is an election contest wherein the appellee was the Democratic nominee for Supervisor of District No. 2 of Grenada County, Mississippi, as the result of the primary elections held in 1959. The appellant did not qualify as a candidate in the primary elections since he overlooked or failed to pay the necessary fee to get his name placed on the ballot. After the first and second primary elections had been held and the appellee, George Williams, had become the nominee, a petition was filed with the election commissioners signed by more than fifteen qualified electors asking that the name of the appellant, J. W. Bowen, be placed on the ballot in the general election in November as an independent candidate for Supervisor of District No. 2 in Grenada County, Mississippi. Thereupon a protest was filed with the commission by the appellee, George Williams, the nominee in the Democratic primary. A hearing was had on the matter, and in the meantime an opinion had been obtained from the attorney general to the effect that the appellant, J. W. Bowen, was not eligible to become an independent candidate in the general election, since

he and the signers of his petition had voted in the primaries.

As a basis for the attorney general's opinion, Sec. 3129, Mississippi Code of 1942 and the case of Ruhr v. Cowan, District Attorney, 146 Miss. 870, 112 So. 386 were relied on.

The election commissioners were of the opinion that the holding of the attorney general was erroneous but one of the commissioners thought that the same should, nevertheless, be followed. However, it was agreed that no dissent would be registered and, therefore, the commissioners unanimously voted and ordered that the name of the appellant, J. W. Bowen, be placed on the ballot at the general election in November, 1959 as an independent candidate.

From the foregoing action of the election commissioners of Grenada County, the Democratic nominee, George Williams, took an appeal to the circuit court. There the action of the election commissioners was reversed and the name of the appellant, J. W. Bowen, was not allowed to be placed on the ballot in the general election. From the judgment of the circuit court, this appeal is prosecuted.

We are of the opinion that Sec. 3129, Code of 1942, deals specifically with the question of who may be entitled to participate in primary elections, and does not deal with the question of whose names may be placed on the ballot in a general election; that Sec. 3260, Code of 1942, specifically authorizes the printing on the ballot in any general or special election "the name of any candidate who, not having been nominated by a political party, shall have been requested to be a candidate for any office by a petition filed * * * not less than forty days prior to the election, and signed by not less than the following number of qualified electors: * * * (f) For an office elected by the qualified electors of a supervisor's district or a municipality having a population

of less than one thousand (1,000), not less than fifteen (15) qualified electors.''

The bill of exceptions on which the appeal was taken to the circuit court affirmatively shows that the petition for J. W. Bowen's name to be placed on the ballot in the general election contained more than the required number of qualified electors, and that the same was filed within the time required by law, and was otherwise in conformity with the law.

As heretofore stated, we do not think that Sec. 3129, Code of 1942, or the case of Ruhr v. Cowan, supra, are controlling in the instant case, but that the case is controlled by Sec. 3260, Code of 1942. It is true that the case of Ruhr v. Cowan, District Attorney, supra, held that ''There are two methods by which a person may be elected to office in this state. One is by nomination by the political party to which the candidate belongs under the provisions of the chapter on primary elections, and that the other is by nomination by at least fifty (50) (now 15) qualified electors of the municipality, county or district. One of these methods must be pursued by any person desiring to become a candidate for office in a general election. Such person may resort to one of these methods but he cannot resort to both of them. * * *''

In the instant case the appellant, Bowen, did not qualify as a candidate in the primaries, and, therefore, did not follow that method of getting his name on the ticket in the general election, but he did follow the provisions of Sec. 3260, Code of 1942, to become an independent candidate for the office to which he aspired.

It is unnecessary that we determine precisely what the word ''participated'' in the primary elections means, but we do think that Sec. 3129, supra, deals only with the question as to who is entitled to vote in a primary and the intention of the voter at the time he is voting in a primary election, and not as to who is entitled to be a candidate in a general election.

In the case of Westerman, et al. v. Mims, Secretary of State, 111 Tex. 37, 227 S. W. 178, the court said: "The pledge of one who participates in a primary to support the nominee by Rev. St. 1911, art. 3096, pledges him to uphold that nominee by aid or countenance, but he is under only a moral obligation to do so, since the obligation is not one that can be enforced by the courts, and a moral obligation in law is defined as one that cannot be enforced by action, but which is binding on the parties who incur it in conscience and according to natural justice.

"Rev. St. 1911, art. 3096, requires a participant in a primary to pledge support to the nominee, is not to be construed to prevent changes in party fealty unless the legislative intent to that effect is plain, since such construction would raise grave doubts as to the validity of the statute as an interference with privilege of free suffrage guaranteed by the constitution."

■■■ The Court is keenly conscious of the import of this decision and its implications; that it may present some problems for solution. But it is our duty to apply the law as written to the best of our understanding and ability. A change in the existing law, if any should be deemed necessary or proper, is a problem for the legislature and not the courts. The legislature has determined who are entitled to participate in the primary elections, but it has not declared that anyone who votes in a primary election is not eligible to become an independent candidate in the general election. It has declared to the contrary in Sec. 3260, Code of 1942, by the language heretofore quoted therefrom.

■■■ We have concluded that the election of the appellee in the general election in November was void since the name of the appellant was not placed on the ballot used in the said election and that, therefore, under decisions of May v. Layton, 213 Miss. 129, 56 So. 2d 89; Walker v. Smith, 213 Miss. 255, 56 So. 2d 84; Blakeney

v. Mayfield, 226 Miss. 53, 83 So. 2d 748, ██ ■ a special election should be called since the general election has already been held. It is so ordered.

Reversed and judgment here for the appellant.

*Lee, Kyle, Holmes* and *Arrington, JJ.,* concur.