**Clifton WHITLEY et al., Plaintiffs,**

v.

**Paul B. JOHNSON, Governor of Mississippi et al., Defendants.**

**Civ. A. No. 4025.**

United States District Court
S. D. Mississippi,
Jackson Division.

Oct. 26, 1966.

R. Jess Brown and Alvin J. Bronstein, Jackson, Miss., for plaintiffs.

Joe T. Patterson, Atty. Gen., Will S. Wells, Asst. Atty. Gen., Jackson, Miss., for defendants.

Before AINSWORTH, Circuit Judge, and COX and RUSSELL, District Judges.

**PER CURIAM.**

The plaintiffs in this case are three negro citizens of Mississippi who seek injunctive relief against the defendants as the Board of Election Commissioners of Mississippi to restrain their application and use of House Bill 68, Mississippi Laws 1966 to these plaintiffs to prevent them from appearing on the ballot as candidates for the office of United States Senator and United States House of Representatives in the general election on November 8, 1966. It is contended that this legislative enactment is violative of § 5 of the Civil Rights Act of 1965 and that the Fifteenth Amendment rights of these plaintiffs will be violated by a refusal to place their names as candidates on such ballot. The defendants declined to place the names of these proposed candidates on such ballot because two of them had run and had been defeated as Democratic candidates for such offices in the June 1966 primary election in Mississippi and that they were thus disqualified to run again as independent candidates for the same office at the succeeding general election. The defendants likewise refused to place the names of the plaintiffs on the ballot at the coming November 1966 general election because their petitions or applications to the Board of Election Commissioners did not contain the requisite number of signatures of qualified electors under House Bill 68, Mississippi Laws 1966 to entitle them to a place on said ballot.

## FINDING OF FACTS

This case was presented to the Court on the pleadings, affidavit of one witness and documentary evidence in support of this application by the plaintiffs for an interlocutory or temporary injunction. The plaintiffs' application to the Board of Election Commissioners contained the signatures of the requisite number of qualified electors to entitle each of the plaintiffs to have his and her name placed on the ballot as a candidate for the office of United States Senator and as candidates for the office of United States House of Representatives under the requirements of § 3260, prior to the passage of House Bill 68, Mississippi Laws 1966. No adjudication was sought or obtained as to whether or not said House Bill 68, Mississippi Laws 1966 denied or abridged any right to vote on account of race or color as provided by 42 U.S.C.A. § 1973c. This suit has been expeditiously processed and heard on the eve of such general election as quickly as was reasonably possible under existing circumstances and conditions. This is an extremely important suit to all parties affected and concerned and involves some very far reaching and intricate and complicated questions of law and fact which should not be resolved in haste at the risk of impinging upon important rights of all parties in this case. It appears to this Court that the granting of the relief herein awarded would not be as hurtful to the ultimate rights of the defendants as a denial of such relief would be hurtful to the ultimate rights of the plaintiffs if a contrary conclusion were ultimately reached.

## CONCLUSIONS OF LAW

This Court has full equity jurisdiction of this suit under 42 U.S.C.A. § 1983, § 1973c. The Court has the power to fashion its judgment to effectually suspend the application of HOUSE BILL 68, Mississippi Laws 1966 as to these plaintiffs in an effort to avoid undue harm and injury to either party to this suit; and to order the defendants to forthwith place the names of the plaintiffs as candidates for said national offices on the ballot to be used by the electors at the November 8, 1966 general election in Mississippi without regard to said House Bill 68, Mississippi Laws 1966; and the defendants will be ordered and directed to activate and implement such order of this Court to the end that all qualified electors may have an opportunity to cast their vote for the plaintiffs as candidates for said offices at said election if they wish to vote for them therefor. The judgment of the Court incorporating this per curiam opinion by reference thereto may be presented to and signed by any one of the judges of this Court as the order of the entire Court. An order accordingly may be presented.

## ORDER GRANTING TEMPORARY INJUNCTION

Pursuant to findings and conclusions herein dated October 26, 1966, and made a part hereof by reference thereto;

IT IS ORDERED, ADJUDGED AND DECREED by the Court: That the defendants, as members of the State Board of Election Commissioners of the State of Mississippi, are ordered and directed to place on the ballot to be used at the general election in the State of Mississippi on November 8, 1966, the name of Clifton Whitley as an independent candidate for the office of United States Senator, Dock Drummond as an independent candidate for the office of United States Representative for the First Congressional District of Mississippi and Emma Sanders as an independent candidate for the office of United States Representative for the Third Congressional District of Mississippi, upon said plaintiffs posting a bond herein in the penalty of five hundred dollars, conditioned according to law to be approved by the Clerk of this Court. No process need issue pursuant to this order, but after said bond is posted and approved, an attested copy of this order shall be served by the United States Marshal upon the Attorney General of Mississippi as counsel for the defendants as due and sufficient notice hereof.