**Clifton WHITLEY et al., Plaintiffs,**

v.

**Paul B. JOHNSON, Governor of the State of Mississippi, et al., Defendants.**

Civ. A. No. 4025.

United States District Court
S. D. Mississippi,
Jackson Division.

Oct. 27, 1967.

R. Jess Brown, Alvin J. Bronstein, Jackson, Miss., for plaintiffs.

Will S. Wells, Asst. State Atty. Gen., Jackson, Miss., for defendants.

Before AINSWORTH, Circuit Judge, and COX and RUSSELL, District Judges.

PER CURIAM.

The parties to this suit have stipulated: "That the only issue before the Court at this time is whether or not House Bill 68, Mississippi Laws 1966, which amended Section 3260 of the Mississippi Code of 1942, is an attempt by the State of Mississippi *to enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice or procedure with respect to voting different from that in force or effect on November 1, 1964;* (language of 42 U.S.C. § 1973c)." (See Stipulation, dated September 25, 1967, attached as Appendix A.)

This complaint was filed on October 20, 1966, by three named plaintiffs, Reverend Clifton Whitley, Dock Drummond and Emma Sanders, on behalf of themselves and all other persons similarly situated, as a class action pursuant to Rule 23, Federal Rules of Civil Procedure. In the complaint plaintiffs prayed that this Court adjudge and declare House Bill 68, Mississippi Laws 1966 (sometimes referred to as Chapter 613 of the Mississippi Laws of 1966), which amended Section 3260 of the Mississippi Code of 1942, to be in violation of Section 5 of the Voting Rights Act of 1965 and the Fourteenth and Fifteenth Amendments of the United States Constitution; that a preliminary and permanent injunction issue enjoining defendants from enforcing Chapter 613, from failing to accept the petitions of the named plaintiffs as independent can-

didates in the November 8, 1966, Mississippi general election, and from failing or refusing to include the names of plaintiffs, and all others similarly situated, as candidates who qualify on the official ballots for the November 8, 1966, general election.

A three-judge District Court was requested and thereafter convened for a hearing at Biloxi, Mississippi, on October 26, 1966. The Court, under its full equity jurisdiction, suspended the application of House Bill 68, Mississippi Laws 1966, and ordered that the names of the plaintiffs who were candidates for national office be placed on the ballot to be used by the electors at the general election in Mississippi on November 8, 1966. 260 F.Supp. 630. The Court did not pass on the question whether House Bill 68 denies or abridges any right to vote on account of race or color as provided by 42 U.S.C. § 1973c.

Subsequently, counsel for complainants requested that we set this case for hearing on the merits, and a Stipulation was entered into on September 25, 1967, between counsel for complainants and defendants which has been filed herewith in the record and is submitted to eliminate the need for further hearings in this case.[1] Plaintiffs submitted their brief on October 6, 1967, and defendants' reply brief was received on October 18, 1967. Plaintiffs seek a prompt decision on behalf of the class of plaintiffs who have attempted to qualify and run as independent candidates in the impending Mississippi general election on November 7, 1967. The matter, therefore, is before us on the merits for final decision.

House Bill 68, Mississippi Laws 1966, amended the existing Mississippi law by making four changes from the original statute as follows: (1) No person who has voted in a primary election may thereafter be placed on the ballot as an independent candidate in the general election; (2) the numbers of signatures of qualified electors needed on the petition of an independent candidate have been increased; (3) each qualified elector must personally sign the petition for an independent candidate and include his polling precinct and county; and (4) the time for filing as an independent candidate is substantially earlier. All such amendatory sections apply equally to white and Negro candidates.[2]

According to the Stipulation, it is clear that the State of Mississippi is a State with respect to which the prohibitions set forth in 42 U.S.C. § 1973b(a) (Voting Rights Act of 1965) are in effect and is, therefore, subject to the provisions of 42 U.S.C. § 1973c (Section 5, Voting Rights Act of 1965) and that said State was affected by the aforesaid provisions on June 11, 1966 (when House Bill 68, Mississippi Laws 1966, was enacted) and continuously to this date. It is also true that the State of Mississippi in enacting House Bill 68, Mississippi Laws 1966, did not comply with the provisions of 42 U.S.C. § 1973c (Section 5, Voting Rights Act of 1965) in that it did not submit said statute either to the United States District Court for the District of Columbia for a declaratory judgment, that such enactment does not have the purpose and will not deny or abridge the right to vote on account of race or color, or to the Attorney General of the United States for his approval or objection. The Court notes that 42 U.S.C. § 1973c (Section 5, Voting Rights Act of 1965) is concerned with enactments by a state with respect to which the prohibitions set forth in § 1973b(a) are in effect, and in order to enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice or procedure with respect to voting different from that in force

---

1. See letter dated September 25, 1967, to counsel for plaintiffs to the members of this Court reproduced as Appendix B.

2. In 1927, the Supreme Court of Mississippi interpreted this statute which was then Section 3717, Mississippi Code of 1906, in Ruhr v. Cowan, 146 Miss. 870, 112 So. 386. After amendments, the statute became Section 3260, Mississippi Code of 1942. Following a ruling of the Court in Bowen v. Williams, 238 Miss. 57, 117 So.2d 710, the 1966 amendment followed.

or in effect on November 1, 1964, such state must institute the declaratory action in the United States District Court for the District of Columbia or submit the matter for approval or rejection to the Attorney General of the United States.

The Mississippi statute under consideration (House Bill 68) is directed solely to the qualifications of candidates, whereas Section 5 has reference to the qualifications of voters. We do not believe that the Mississippi statute is of the kind which Section 5 of the Voting Rights Act of 1965 was designed to prevent. The Mississippi statute under attack does not appear on its face to be one designed or intended to effect a discrimination or qualification relating to the person or voting rights of the individual. The Act does not deal with voting but deals with elections, and more particularly the candidates; therefore, it does not impinge upon Section 5 of the Voting Rights Act of 1965.

The State of Mississippi, prior to this Act, suspended its enforcement of statutory voter qualifications, including tests of literacy, and the Court takes judicial notice of the fact that over 160,000 Negroes have qualified to vote since 1963. Cases cited in plaintiffs' brief have been noted, and none show the application of Section 5 of the Voting Rights Act of 1965 to the kind of statute here involved. The legislative history of the Act is indicated in both plaintiffs' and defendants' briefs, citing portions of a hearing before the Judiciary Committee of the Senate. These exchanges between Attorney General Katzenbach and the senators are confined to questions involving qualifications of voters. On the 1966 motion in this case, the Court took jurisdiction under 42 U.S.C.A. § 1983 and § 1973c but made no application of § 1973c to the ruling therein. It declines to do so here.

The Court judicially knows (from all but seven counties in Mississippi in which the information was not available) that sixty-seven Negroes did qualify as candidates in the Democratic primary elections of 1967 and seventeen were nominated for the general election.

The motion for an interlocutory injunction is accordingly denied, and the complaint in its entirety is without merit and is dismissed.

The judgment incorporating this per curiam opinion by reference thereto may be presented and signed by the managing judge of this Court as the order of the entire Court.

## APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CLIFTON WHITLEY, et al.,

      Plaintiffs       Civil Action

v.                 No. 4025

PAUL B. JOHNSON, Governor
of the State of Mississippi,
et al.,

      Defendants

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
SEP 2 5 1967
ROBERT C. THOMAS, CLERK.
DEPUTY

## STIPULATION

It is hereby stipulated and agreed by and between the attorneys for all of the parties as follows:

1. That the State of Mississippi is a State with respect to which the prohibitions set forth in 42 U.S.C. § 1973b(a) (Voting Rights Act of 1965) are in effect and is therefore subject to the provisions of 42 U.S.C. § 1973c (Section 5, Voting Rights Act of 1965). The State of Mississippi was affected by the aforesaid prohibitions and subject to the aforesaid provisions on June 11, 1966 and continuously to this date;

2. That the State of Mississippi, in enacting House Bill 68, Mississippi Laws 1966, which amended Section 3260 of the Mississippi Code of 1942, did not comply with the provisions of 42 U.S.C. § 1973c (Section 5, Voting Rights Act of 1965) in that the State of Mississippi did not submit said statute *either* to the United States District Court for the District of Columbia for a declaratory judgment *or* to the Attorney General of the United States for his approval or objection. This is not to be construed as a concession by the defendants that the State of Mississippi was under any lawful obligation to so comply with the provisions of 42 U.S.C. § 1973c;

3. That one or more Negro independent candidates for political office in the Mississippi general election scheduled for November 7, 1967 has or have been challenged and disqualified from having his or their names placed on the ballot in said election by virtue of having certain provisions of House Bill 68, Mississippi Laws 1966, which amended Section 3260, Mississippi Code of 1942, applied to him or them. In particular, the following provisions of said statute have been applied to one or more of said Negro independent candidates who attempted to so qualify:

"No person who has voted in a primary election shall thereafter have his name placed upon the ballot as an independent candidate for any office to be determined by the general election * * *."

4. That some of the aforesaid Negro independent candidates who have been so challenged or disqualified are members of the class of plaintiffs described in the complaint herein;

5. That the only issue before the Court at this time is whether or not House Bill 68, Mississippi Laws 1966, which amended Section 3260 of the Mississippi Code of 1942, is an attempt by the State of Mississippi *to enact or seek to administer any voting qualification or prerequisite to voting, or standard, practice or procedure with respect to voting different from that in force or effect on November 1, 1964*; (language of 42 U.S.C. § 1973c).

6. That this stipulation shall be filed with the Court.

Dated: *September 25, 1967*

Dated: *September 25 1967*

_____
Attorney for Plaintiffs

_____
Attorney for Defendants

APPENDIX B

Appendix B

## LAWYERS CONSTITUTIONAL DEFENSE COMMITTEE
### OF THE AMERICAN CIVIL LIBERTIES UNION
#### SOUTHERN OFFICE
603 NORTH FARISH STREET, JACKSON, MISSISSIPPI 39202

(601) 948-4191

ALVIN J. BRONSTEIN, CHIEF STAFF COUNSEL

September 25, 1967

**ALABAMA OFFICE**
31½ Franklin Street
Selma, Alabama 36701
(205) 872-3427

DONALD A. JELINEK
Staff Counsel

---

**LOUISIANA OFFICE**
2209 Dryades Street
New Orleans, La.
(504) 523-5197

RICHARD SOBOL
Staff Counsel

Hon. Robert A. Ainsworth, Jr.
United States Court of Appeals
400 Royal Street
New Orleans, Louisiana

Hon. W. Harold Cox
P. O. Box 2447
Jackson, Mississippi

Hon. Dan M. Russell, Jr.
P. O. Box 1930
Gulfport, Mississippi

> Re: Whitley v. Johnson
>      Civil Action No. 4025(J)

To the Judges of this Honorable Court:

Mr. Wells, on behalf of the defendants, and myself have finally entered into a stipulation in the above cause. We have today filed the original and three copies of same with the Clerk in Jackson, but I am enclosing additional copies herewith so that the Court may see that we have stipulated both as to all of the facts as well as to the sole issue we believe to be before the Court at this time.

Since all of the parties would hope to obtain a ruling from the Court prior to the November 7, 1967 general election in Mississippi, Mr. Wells and I have agreed that I will submit a brief on behalf of the plaintiffs within ten days from today and Mr. Wells will submit his brief on behalf of the defendants within ten days after he receives plaintiffs' brief, all, of course, subject to any different or further direction from the Court.

Both Mr. Wells and myself would welcome the opportunity, if possible, to attend before the Court for the purpose of answering any questions the Court might have, as well as to amplify our written argument.

Respectfully,

Alvin J. Bronstein

cc: Will S. Wells, Esq.

NATIONAL OFFICE: 156 FIFTH AVE., NEW YORK 10010 • (212)YU 9-7530 • CONTRIBUTIONS TO LCDC ARE TAX-DEDUCTIBLE