SUGG, Justice:
This is an appeal by the Mississippi State Board of Election Commissioners from an order of the Circuit Court of the First Judicial District of Hinds County. The court ordered the Board to place the name of James H. Meredith on the ballot for the general election to be held on November 5, 1974, as an independent candidate for the office of Representative in the Congress of the United States from the Fourth Congressional District.
On July 26, 1974, the Board denied Meredith’s petition to place his name on the ballot as an independent candidate for the office and on August 12, 1974, reaffirmed its previous denial of the petition.
Meredith participated as a candidate for the office in the Democratic Party Primary held on June 4, 1974, and was the leading candidate on the ticket with 7,830 votes but declined to participate in the primary which was held on June 25, 1974.
The question for decision is: May one who participates in a party primary as a candidate withdraw and have his name placed on the ballot as an independent candidate ?
The answer to this question requires consideration of our primary election laws and particularly the construction of Mississippi Code Annotated section 3260 (1942), as amended by Chapter 405, Laws of 1956.[1] This Court construed an earlier version of the statute in Ruhr v. Cowan, 146 Miss. 870, 112 So. 386 (1927), and laid down the following rule:
It will be seen from reading section 6793, Hemingway’s Code (section 4159, Code of 1906), that there are two methods by which a person may be elected to office in this state. One is by nomination by the political party to which the candidate belongs, under the provisions of the chapter on primary elections, and the other is by being nominated by at least 50 qualified electors of the municipality, county, or district. One of these methods must be pursued by any person desiring to become a candidate for office in a general election. Such person may resort to one of these methods, but he cannot resort to both of them. (146 Miss, at 883, 112 So. at 389).
Section 4159, Code of 1906, provided in part:
The commissioner shall also have printed on the ballot the name of any qualified elector who had been requested to be a candidate for any office, by a written petition ....
This sentence was amended by Laws of 1955 Extraordinary Session, Chapter 105, and reenacted as Chapter 405, Laws of 1956, to read as follows:
The commissioner shall also have printed on the ballot in any general or special election the name of any candidate who, not having been nominated by a political party, shall have been requested to be a *573 candidate for any office by a petition. . (Emphasis added).
The statute, as it existed when Ruhr was decided, provided that the ballot in a general election should contain: (1) the names of candidates nominated by the. primary election of any political party, and (2) the names of those who have been requested to become a candidate by a petition filed within the time prescribed and signed by the requisite number of qualified electors.
The addition of the phrase, “not having been nominated by a political party,” by the 1955 amendment does not change the construction of the statute as set forth in Ruhr. The addition of the phrase neither adds to nor deletes from the meaning of the statute because, after the amendment, the names of candidates to be placed on the ballot in the general election are party nominees and persons who petition for a place on the ballot.
The public policy of Mississippi expressed in the primary election laws is that political parties select their candidates in party primaries as an integral part of the entire election process. The general policy is to have contending candidates within a party employ the primary campaign and primary election to settle their differences. The general election ballot is reserved for major struggles and is not for continuing intra-party feuds.
 For many years nomination in a democratic party primary has been tantamount to election in this state; however, we are slowly emerging as a two party state. In the general election to be held on November 5, 1974, Meredith seeks to oppose the incumbent Republican party nominee and the nominee of the Democratic party. The statute authorizes independent candidates to qualify, but such candidate should be truly independent. One may not adopt the label “independent” after having participated as a candidate in a preceding party primary. The U. S. Supreme Court in Storer v. Brown, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974) held that there is a valid reason for prohibiting candidates, other than the party nominee, who appeared in party primaries from participating in general elections following such primaries. The Court stated:
Section 6830(d) (Supp.1974) carries very similar credentials. It protects the direct primary process by refusing to recognize independent candidates who do not make early plans to leave a party and take the alternate course to the ballot. It works against independent candidacies prompted by short-range political goals, pique or personal quarrel. It is also a substantial barrier to a party fielding an “independent” candidate to capture and bleed off votes in the general election that might well go to another party. (415 U.S. at 735, 94 S.Ct. at 1281-1282, 39 L.Ed.2d at 726).
We recognize that the California statute under consideration by the Supreme Court in Storer is different from our primary party statutes; however, the principle is the same.
We reaffirm the holding in Ruhr that a candidate must resort to one of the methods authorized by Section 3260 as amended, but he cannot resort to both. To hold otherwise would radically alter the election process in the State of Mississippi and permit an individual to run as an independent in the general election regardless of the extent or nature of his participation in the preceding primary so long as he was not nominated by a political party. It would further alter the electoral process by permitting a defeated candidate in a preceding party primary to run in a general election. We do not glean from the amendment to the statute the legislative intent to authorize such action.
We therefore reverse the order of the Circuit Court and reinstate the order of the State Board of Election Commissioners.
Reversed and rendered.
*574 GILLESPIE, C. J., RODGERS, P. J., and PATTERSON, WALKER and BROOM, JJ., concur.
INZER, SMITH and ROBERTSON, JJ., dissent.

. Section. 3260 was amended in 1966 but the United States Supreme Court held in Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969), that the amendment was subject to the provisions of the Voting Rights Act of 1965, 42 U.S. C.A. § 1973 et seq. (1974) and had not been implemented.