PATTERSON, Justice
(specially concurring) :
I concur in the opinion of the majority for the reasons stated therein and for the further reason that the case of Bowen v. Williams, 238 Miss. 57, 117 So.2d 710 (1960), by its very terms is distinguished from this case, leaving it to be without value as a precedent. It states:
In the instant case the appellant, Ro-wen did not qualify as a candidate in the primaries, and, therefore, did not follow that method of getting his name on the ticket in the general election, but he did follow the provisions of Sec. 3260, Code of 1942, to become an independent candidate for the office to which he aspired. 238 Miss, at 61, 117 So.2d at 711.
In my opinion, therefore, Bowen did not modify the case of Ruhr v. Cowan, 146 Miss. 870, 112 So. 386 (1927), since Ruhr was a case holding that a defeated candidate in a primary could not qualify as a candidate in the general election. For emphasis I repeat that Bowen did not qualify as a primary candidate and his case was not based on that assumption. The case of Ruhr was based upon the premise of there being a qualified primary candidate who was defeated at the polls. Bowen also stated that it was unnecessary for it to determine the meaning of the word “participated,” and it did not make this determination, whereas in Ruhr, supra, a defeated candidate was held to have participated in the primary, leaving him ineligible to participate as a candidate in the general election.
We are not dealing presently with a person who has run in a primary and was defeated. It is also true that we are not dealing with a person who has participated in a primary only by his vote, but with one somewhere between the two, more precisely, a person who qualified as a Democratic candidate, paid the $200 filing fee, campaigned in the first primary, received a plurality of the votes therein and during the second primary withdrew without stated reason. He was a qualified and avowed candidate who participated in a primary far in excess of the facts in Bowen, supra, but somewhat less than the participation expressed in Ruhr.
It is my opinion that Bowen is not controlling and that if precedent is necessary for a case arising under unprecedented facts such as this, then Ruhr is more nearly controlling and mandates .the selection of one route or the other, but not both, for election.
GILLESPIE, C. J., RODGERS, P. J., and WALKER, J., concur.