SMITH, Justice
(dissenting) :
Due to the necessity of a speedy decision in this case the majority decision was handed down before the Dissenting Justices had an opportunity to read the opinion and express their views in a written dissent. Ordinarily, under these circumstances we would be content to register our dissent without an opinion, but since the majority opinion completely ignores the basis of our dissent, we feel compelled to express our views.
A decision in this case involves the construction of Section 3260, Mississippi Code 1942 Annotated (1956) as amended by the Laws of 1955, Extraordinary Session, Chapter 105, and reenacted as Chapter 405, Laws of 1956.
We had the occasion to construe this section in Bowen v. Williams, 238 Miss. 57, 117 So.2d 710 (1960). Since the circuit judge in arriving at a decision in the case at bar construed Section 3260 in accordance with our decision in Bowen, it is dif *575 ficult to understand why the majority opinion completely ignores this case and the opinion of the circuit court. However, be that as it may, it is important that this case be considered in arriving at an opinion in the present case.
Bowen did not qualify as a candidate for supervisor in District No. 2 of Grenada County in the Democratic Primary Election held in 1959 for the reason that he failed or overlooked paying the necessary qualifying fees. After the primary, Williams having become the Democratic nominee, a petition was filed with the Election Commission signed by more than the necessary number of qualified electors asking that the name of Bowen be placed on the ballot in the general election as an independent candidate for supervisor of District No. 2. Bowen and the signers of his petition had participated in the Democratic Primary by voting.
Williams filed a protest with the Commission, protesting the placing of the name of Bowen on the ballot. A hearing was had on the matter and in the meantime an opinion had been obtained from the Attorney General to the effect that Bowen was not eligible to become an independent candidate in the general election since he and the signers of his petition had voted in the primary. The Attorney General based his opinion on Section 3129, Mississippi Code 1942 Annotated, and the case of Ruhr v. Cowan, 146 Miss. 870, 112 So. 386 (1927).
The Election Commissioners disagreed with the opinion of the Attorney General and voted to place the name of Bowen on the ballot in the general election. Williams appealed to the circuit court and that court reversed the order of the Commission and ordered that Bowen’s name not be placed on the ballot.
Bowen appealed to this Court and before his appeal was heard the general election was held and Williams was elected. In reversing the circuit court and declaring the election of Williams void, we held that Section 3129, Mississippi Code 1942 Annotated dealt specifically with the question of who may be entitled to participate in primary elections and does not deal with the question of whose name may be placed on the ballot in a general election. We then pointed out that Section 3260 specifically authorized the printing on the ballot of the nam? of any candidate who “not having been nominated by a political party,” is requested by the required number of qualified electors to be a candidate in the general election. We further stated that neither Section 3129 nor Ruhr v. Cowan, supra, was controlling, but that the case was controlled entirely by Section 3260. Consequently, we are of the opinion that neither Section 3129 nor Ruhr v. Cowan are controlling in the case at bar. In Bowen, we also rejected the idea that public policy prohibited anyone who “participated in a primary election” from becoming a candidate in a general election, and pointed out that the obligation of one who participates in a primary to support the nominee was only a moral obligation and not one which can be enforced by the Courts. We then stated:
The Court is keenly conscious of the import of this decision and its implications ; that it may present some problems for solution. But it is our duty to apply the law as written to the best of our understanding and ability. A change in the existing law, if any should be deemed necessary or proper, is a problem for the legislature and not the courts. The legislature has determined who are entitled to participate in the primary elections, but it has not declared that anyone who votes in a primary election is not eligible to become an independent candidate in the general election. It has declared to the contrary in Sec. 3260, Code of 1942, by the language heretofore quoted therefrom. (Emphasis added). (238 Miss, at 62, 117 So.2d at 712).
The only distinction that could possibly be drawn in this case is that appellee actually qualified as a candidate in the Democratic Primary and then withdrew before *576 the second primary even though he had received the highest number of votes cast in the first primary, but not a majority thereby necessitating a run-off between the two candidates receiving the highest number of votes. He had a legal right to withdraw from the party and to withdraw as a candidate. When he did so, his status was no different from that of any other person who voted in the primary. We are not dealing here with a case of a person who has run in a primary and was defeated. Such a situation would present an entirely different case. And in such a case there would be sufficient reason to invoke public policy or estoppel. We are of the opinion that the majority opinion wholly fails to come to grips with the plain language of Section 3260 as heretofore construed by this Court. We are unable to find anything in the language of Section 3260 which prohibits the appellee from having his name placed on the ballot in a general election since he has met all conditions specified by the Legislature.
The case of Ruhr, cited by the majority as supporting the majority view, was a suit for mandamus. The ultimate point decided was that mandamus would not lie to compel the Election Commission to decide in a particular manner matters as to which it had discretion. In addition, Ruhr was decided many years before Section 3260 was amended to read as it does now and the question now presented could not have been before the Court.
We know of no public policy that would prevent one who may have participated in a party primary, but who afterwards becomes disenchanted with that party (as well he might), and who no longer wishes to pursue nomination as the candidate of that party or to run under its banner, from disavowing so called "party fealty” and, by timely withdrawal, going before the voters as an independent candidate, in the manner prescribed by the statutes enacted by the Legislature.
In Bowen, supra, this Court cited with approval Westerman v. Mims, 111 Tex. 29, 37, 227 S.W. 178 (1921), quoting these cogent words spoken by the Texas Court in deciding that case:
Rev.St.1911, art. 3096, requiring a participant in a primary to pledge support to the nominee, is not to be construed to prevent changes in party fealty unless the legislative intent to that effect is plain, since such construction would raise grave doubt as to the validity of the statute as an interference with privilege of free suffrage guaranteed by the Constitution. (Emphasis' added). (238 Miss, at 62, 117 So.2d at 712).
In our view, the trial court correctly decided the case on the basis of Section 3260, as construed in Bowen and his decision should be affirmed.
INZER and ROBERTSON, JJ., join in this dissent.