301 So.2d 571 (1974)
MISSISSIPPI STATE BOARD OF ELECTION COMMISSIONERS, William Waller, Chairman, et al.
v.
James H. MEREDITH.
No. 48466.
Supreme Court of Mississippi.
October 16, 1974.
Dissenting Opinion October 17, 1974.
Specially Concurring Opinion October 18, 1974.
Rehearing Denied October 21, 1974.
*572 Johnson & Walker, Jackson, for appellants.
A.F. Summer, Atty. Gen., W.D. Coleman, Deputy Atty. Gen., William A. Allain, First Asst. Atty. Gen., Giles W. Bryant, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
This is an appeal by the Mississippi State Board of Election Commissioners from an order of the Circuit Court of the First Judicial District of Hinds County. The court ordered the Board to place the name of James H. Meredith on the ballot for the general election to be held on November 5, 1974, as an independent candidate for the office of Representative in the Congress of the United States from the Fourth Congressional District.
On July 26, 1974, the Board denied Meredith's petition to place his name on the ballot as an independent candidate for the office and on August 12, 1974, reaffirmed its previous denial of the petition.
Meredith participated as a candidate for the office in the Democratic Party Primary held on June 4, 1974, and was the leading candidate on the ticket with 7,830 votes but declined to participate in the primary which was held on June 25, 1974.
The question for decision is: May one who participates in a party primary as a candidate withdraw and have his name placed on the ballot as an independent candidate?
The answer to this question requires consideration of our primary election laws and particularly the construction of Mississippi Code Annotated section 3260 (1942), as amended by Chapter 405, Laws of 1956.[1] This Court construed an earlier version of the statute in Ruhr v. Cowan, 146 Miss. 870, 112 So. 386 (1927), and laid down the following rule:
It will be seen from reading section 6793, Hemingway's Code (section 4159, Code of 1906), that there are two methods by which a person may be elected to office in this state. One is by nomination by the political party to which the candidate belongs, under the provisions of the chapter on primary elections, and the other is by being nominated by at least 50 qualified electors of the municipality, county, or district. One of these methods must be pursued by any person desiring to become a candidate for office in a general election. Such person may resort to one of these methods, but he cannot resort to both of them. (146 Miss. at 883, 112 So. at 389).
Section 4159, Code of 1906, provided in part:
The commissioner shall also have printed on the ballot the name of any qualified elector who had been requested to be a candidate for any office, by a written petition... .
This sentence was amended by Laws of 1955 Extraordinary Session, Chapter 105, and reenacted as Chapter 405, Laws of 1956, to read as follows:
The commissioner shall also have printed on the ballot in any general or special election the name of any candidate who, not having been nominated by a political party, shall have been requested to be a *573 candidate for any office by a petition... . (Emphasis added).
The statute, as it existed when Ruhr was decided, provided that the ballot in a general election should contain: (1) the names of candidates nominated by the primary election of any political party, and (2) the names of those who have been requested to become a candidate by a petition filed within the time prescribed and signed by the requisite number of qualified electors.
The addition of the phrase, "not having been nominated by a political party," by the 1955 amendment does not change the construction of the statute as set forth in Ruhr. The addition of the phrase neither adds to nor deletes from the meaning of the statute because, after the amendment, the names of candidates to be placed on the ballot in the general election are party nominees and persons who petition for a place on the ballot.
The public policy of Mississippi expressed in the primary election laws is that political parties select their candidates in party primaries as an integral part of the entire election process. The general policy is to have contending candidates within a party employ the primary campaign and primary election to settle their differences. The general election ballot is reserved for major struggles and is not for continuing intra-party feuds.
For many years nomination in a democratic party primary has been tantamount to election in this state; however, we are slowly emerging as a two party state. In the general election to be held on November 5, 1974, Meredith seeks to oppose the incumbent Republican party nominee and the nominee of the Democratic party. The statute authorizes independent candidates to qualify, but such candidate should be truly independent. One may not adopt the label "independent" after having participated as a candidate in a preceding party primary. The U.S. Supreme Court in Storer v. Brown, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974) held that there is a valid reason for prohibiting candidates, other than the party nominee, who appeared in party primaries from participating in general elections following such primaries. The Court stated:
Section 6830(d) (Supp. 1974) carries very similar credentials. It protects the direct primary process by refusing to recognize independent candidates who do not make early plans to leave a party and take the alternate course to the ballot. It works against independent candidacies prompted by short-range political goals, pique or personal quarrel. It is also a substantial barrier to a party fielding an "independent" candidate to capture and bleed off votes in the general election that might well go to another party. (415 U.S. at 735, 94 S.Ct. at 1281-1282, 39 L.Ed.2d at 726).
We recognize that the California statute under consideration by the Supreme Court in Storer is different from our primary party statutes; however, the principle is the same.
We reaffirm the holding in Ruhr that a candidate must resort to one of the methods authorized by Section 3260 as amended, but he cannot resort to both. To hold otherwise would radically alter the election process in the State of Mississippi and permit an individual to run as an independent in the general election regardless of the extent or nature of his participation in the preceding primary so long as he was not nominated by a political party. It would further alter the electoral process by permitting a defeated candidate in a preceding party primary to run in a general election. We do not glean from the amendment to the statute the legislative intent to authorize such action.
We therefore reverse the order of the Circuit Court and reinstate the order of the State Board of Election Commissioners.
Reversed and rendered.
*574 GILLESPIE, C.J., RODGERS, P.J., and PATTERSON, WALKER and BROOM, JJ., concur.
INZER, SMITH and ROBERTSON, JJ., dissent.
PATTERSON, Justice (specially concurring):
I concur in the opinion of the majority for the reasons stated therein and for the further reason that the case of Bowen v. Williams, 238 Miss. 57, 117 So.2d 710 (1960), by its very terms is distinguished from this case, leaving it to be without value as a precedent. It states:
In the instant case the appellant, Bowen did not qualify as a candidate in the primaries, and, therefore, did not follow that method of getting his name on the ticket in the general election, but he did follow the provisions of Sec. 3260, Code of 1942, to become an independent candidate for the office to which he aspired. 238 Miss. at 61, 117 So.2d at 711.
In my opinion, therefore, Bowen did not modify the case of Ruhr v. Cowan, 146 Miss. 870, 112 So. 386 (1927), since Ruhr was a case holding that a defeated candidate in a primary could not qualify as a candidate in the general election. For emphasis I repeat that Bowen did not qualify as a primary candidate and his case was not based on that assumption. The case of Ruhr was based upon the premise of there being a qualified primary candidate who was defeated at the polls. Bowen also stated that it was unnecessary for it to determine the meaning of the word "participated," and it did not make this determination, whereas in Ruhr, supra, a defeated candidate was held to have participated in the primary, leaving him ineligible to participate as a candidate in the general election.
We are not dealing presently with a person who has run in a primary and was defeated. It is also true that we are not dealing with a person who has participated in a primary only by his vote, but with one somewhere between the two, more precisely, a person who qualified as a Democratic candidate, paid the $200 filing fee, campaigned in the first primary, received a plurality of the votes therein and during the second primary withdrew without stated reason. He was a qualified and avowed candidate who participated in a primary far in excess of the facts in Bowen, supra, but somewhat less than the participation expressed in Ruhr.
It is my opinion that Bowen is not controlling and that if precedent is necessary for a case arising under unprecedented facts such as this, then Ruhr is more nearly controlling and mandates the selection of one route or the other, but not both, for election.
GILLESPIE, C.J., RODGERS, P.J., and WALKER, J., concur.
SMITH, Justice (dissenting):
Due to the necessity of a speedy decision in this case the majority decision was handed down before the Dissenting Justices had an opportunity to read the opinion and express their views in a written dissent. Ordinarily, under these circumstances we would be content to register our dissent without an opinion, but since the majority opinion completely ignores the basis of our dissent, we feel compelled to express our views.
A decision in this case involves the construction of Section 3260, Mississippi Code 1942 Annotated (1956) as amended by the Laws of 1955, Extraordinary Session, Chapter 105, and reenacted as Chapter 405, Laws of 1956.
We had the occasion to construe this section in Bowen v. Williams, 238 Miss. 57, 117 So.2d 710 (1960). Since the circuit judge in arriving at a decision in the case at bar construed Section 3260 in accordance with our decision in Bowen, it is difficult *575 to understand why the majority opinion completely ignores this case and the opinion of the circuit court. However, be that as it may, it is important that this case be considered in arriving at an opinion in the present case.
Bowen did not qualify as a candidate for supervisor in District No. 2 of Grenada County in the Democratic Primary Election held in 1959 for the reason that he failed or overlooked paying the necessary qualifying fees. After the primary, Williams having become the Democratic nominee, a petition was filed with the Election Commission signed by more than the necessary number of qualified electors asking that the name of Bowen be placed on the ballot in the general election as an independent candidate for supervisor of District No. 2. Bowen and the signers of his petition had participated in the Democratic Primary by voting.
Williams filed a protest with the Commission, protesting the placing of the name of Bowen on the ballot. A hearing was had on the matter and in the meantime an opinion had been obtained from the Attorney General to the effect that Bowen was not eligible to become an independent candidate in the general election since he and the signers of his petition had voted in the primary. The Attorney General based his opinion on Section 3129, Mississippi Code 1942 Annotated, and the case of Ruhr v. Cowan, 146 Miss. 870, 112 So. 386 (1927).
The Election Commissioners disagreed with the opinion of the Attorney General and voted to place the name of Bowen on the ballot in the general election. Williams appealed to the circuit court and that court reversed the order of the Commission and ordered that Bowen's name not be placed on the ballot.
Bowen appealed to this Court and before his appeal was heard the general election was held and Williams was elected. In reversing the circuit court and declaring the election of Williams void, we held that Section 3129, Mississippi Code 1942 Annotated dealt specifically with the question of who may be entitled to participate in primary elections and does not deal with the question of whose name may be placed on the ballot in a general election. We then pointed out that Section 3260 specifically authorized the printing on the ballot of the name of any candidate who "not having been nominated by a political party," is requested by the required number of qualified electors to be a candidate in the general election. We further stated that neither Section 3129 nor Ruhr v. Cowan, supra, was controlling, but that the case was controlled entirely by Section 3260. Consequently, we are of the opinion that neither Section 3129 nor Ruhr v. Cowan are controlling in the case at bar. In Bowen, we also rejected the idea that public policy prohibited anyone who "participated in a primary election" from becoming a candidate in a general election, and pointed out that the obligation of one who participates in a primary to support the nominee was only a moral obligation and not one which can be enforced by the Courts. We then stated:
The Court is keenly conscious of the import of this decision and its implications; that it may present some problems for solution. But it is our duty to apply the law as written to the best of our understanding and ability. A change in the existing law, if any should be deemed necessary or proper, is a problem for the legislature and not the courts. The legislature has determined who are entitled to participate in the primary elections, but it has not declared that anyone who votes in a primary election is not eligible to become an independent candidate in the general election. It has declared to the contrary in Sec. 3260, Code of 1942, by the language heretofore quoted therefrom. (Emphasis added). (238 Miss. at 62, 117 So.2d at 712).
The only distinction that could possibly be drawn in this case is that appellee actually qualified as a candidate in the Democratic Primary and then withdrew before *576 the second primary even though he had received the highest number of votes cast in the first primary, but not a majority thereby necessitating a run-off between the two candidates receiving the highest number of votes. He had a legal right to withdraw from the party and to withdraw as a candidate. When he did so, his status was no different from that of any other person who voted in the primary. We are not dealing here with a case of a person who has run in a primary and was defeated. Such a situation would present an entirely different case. And in such a case there would be sufficient reason to invoke public policy or estoppel. We are of the opinion that the majority opinion wholly fails to come to grips with the plain language of Section 3260 as heretofore construed by this Court. We are unable to find anything in the language of Section 3260 which prohibits the appellee from having his name placed on the ballot in a general election since he has met all conditions specified by the Legislature.
The case of Ruhr, cited by the majority as supporting the majority view, was a suit for mandamus. The ultimate point decided was that mandamus would not lie to compel the Election Commission to decide in a particular manner matters as to which it had discretion. In addition, Ruhr was decided many years before Section 3260 was amended to read as it does now and the question now presented could not have been before the Court.
We know of no public policy that would prevent one who may have participated in a party primary, but who afterwards becomes disenchanted with that party (as well he might), and who no longer wishes to pursue nomination as the candidate of that party or to run under its banner, from disavowing so called "party fealty" and, by timely withdrawal, going before the voters as an independent candidate, in the manner prescribed by the statutes enacted by the Legislature.
In Bowen, supra, this Court cited with approval Westerman v. Mims, 111 Tex. 29, 37, 227 S.W. 178 (1921), quoting these cogent words spoken by the Texas Court in deciding that case:
Rev.St. 1911, art. 3096, requiring a participant in a primary to pledge support to the nominee, is not to be construed to prevent changes in party fealty unless the legislative intent to that effect is plain, since such construction would raise grave doubt as to the validity of the statute as an interference with privilege of free suffrage guaranteed by the Constitution. (Emphasis added). (238 Miss. at 62, 117 So.2d at 712).
In our view, the trial court correctly decided the case on the basis of Section 3260, as construed in Bowen and his decision should be affirmed.
INZER and ROBERTSON, JJ., join in this dissent.
NOTES
[1] Section 3260 was amended in 1966 but the United States Supreme Court held in Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969), that the amendment was subject to the provisions of the Voting Rights Act of 1965, 42 U.S.C.A. § 1973 et seq. (1974) and had not been implemented.